**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 6, 2009

Charles R. Fulbruge III
Clerk

No. 08-30238
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

GREGORY MORGAN; LARRY CANNON,

Defendants–Appellants.

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CR-185-2

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Larry Cannon and Gregory Morgan were arrested after New Orleans Police officers witnessed the men engaging in "hand to hand" narcotics sales in the Iberville Housing Development. Cannon and Morgan were charged in a multiple-count indictment with conspiracy to distribute and possess with intent to distribute five or more grams of cocaine base (crack) and possession with intent to distribute five or more grams of crack (Counts One and Two). The indictment further charged Cannon with possession of a firearm in furtherance

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of a drug trafficking crime (Count Three) and with being a felon in possession of a firearm (Count Four). The jury found Cannon and Morgan guilty but found that as to Morgan, the conspiracy involved less than five grams of crack and that Morgan possessed with intent to distribute less than five grams of crack.

The district court sentenced Morgan to concurrent terms of 63 months of imprisonment and to a three-year term of supervised release. The district court sentenced Cannon to concurrent terms of 120 months of imprisonment on Counts One and Two; a term of 60 months of imprisonment on Count Three, to be served concurrently with the sentence imposed for Counts One and Two; a term of 71 months of imprisonment on Count Four, to be served consecutively to the sentences imposed for the other counts; and an eight-year term of supervised release.

Gregory Morgan

Morgan's sole argument is that the district court erred in calculating his base offense level by using the 6.46 grams of crack found in Cannon's possession given that the jury found that Morgan was responsible for less than five grams of crack. Morgan contends that the district court erroneously used "acquitted conduct" to enhance his sentence.

"[A] district court's interpretation or application of the Sentencing Guidelines is reviewed de novo, and its factual findings . . . are reviewed for clear error." *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008) (quoting *United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008) (per curiam)). "There is no clear error if the district court's finding is plausible in light of the record as a whole." *Id.* (quoting *Juarez-Duarte*, 513 F.3d at 208).

Morgan's argument that the district court used "acquitted conduct" is foreclosed by the Supreme Court's holding in *United States v. Watts*, 519 U.S. 148, 156-57 (1997). In *Watts*, the Court held that "a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance

of the evidence." *Id.* at 157. This court previously held that *Watts* remains valid after *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Farias*, 469 F.3d 393, 399 (5th Cir. 2006).

In addition, "[t]he guidelines provide that, in determining the amount of drugs to be attributed for a base offense level, the district court may consider other offenses than those underlying the offense of conviction as long as the offenses constitute relevant conduct as defined in the guidelines." *United States v. Culverhouse*, 507 F.3d 888, 895 (5th Cir. 2007). A district court's determination of the amount of drugs for which a defendant should be held responsible is a factual finding reviewed for clear error. *United States v. Posada-Rios*, 158 F.3d 832, 878 (5th Cir. 1998). The district court need only determine its factual findings at sentencing by a preponderance of the evidence. *United States v. Betancourt*, 422 F.3d 240, 247 (5th Cir. 2005).

The evidence demonstrated that in Morgan's presence, Cannon removed the plastic bag from his pants and handed small portions of crack from the bag to Morgan on two occasions on the night in question. It was reasonably foreseeable to Morgan that Cannon possessed more than the two quantities Morgan received. The district court's determination that Morgan was responsible for more than five grams of crack is plausible in light of the record as a whole. *See* U.S. SENTENCING GUIDELINES MANUAL § 2D1.1 cmt. n.12; *Id.* § 1B1.3(a)(1)(B); *Cisneros-Gutierrez*, 517 F.3d at 764.

Larry Cannon

Cannon argues that the evidence was insufficient to sustain his convictions. We review to determine whether a rational jury could have found the essential elements of the offenses beyond a reasonable doubt. *See United States v. Ferguson*, 211 F.3d 878, 882 (5th Cir. 2000).

*Counts One and Two*

To establish a conspiracy to distribute a controlled substance, the Government must prove beyond a reasonable doubt: "(1) the existence of an

agreement between two or more persons to violate narcotics laws; (2) the defendant's knowledge of the agreement; and (3) his voluntary participation in the conspiracy." *United States v. Valdez*, 453 F.3d 252, 256-57 (5th Cir. 2006). These elements may be inferred from circumstantial evidence. *See United States v. Casilla*, 20 F.3d 600, 603 (5th Cir. 1994). To establish the offense of possession of a controlled substance with intent to distribute, the Government must prove beyond a reasonable doubt that Cannon had (1) knowledge, (2) possession of a controlled substance, and (3) an intention to distribute the controlled substance. *See United States v. Delgado*, 256 F.3d 264, 274 (5th Cir. 2001). "All reasonable inferences from the evidence must be construed in favor of the jury verdict." *United States v. Hayes*, 342 F.3d 385, 389 (5th Cir. 2003).

Based on the evidence presented at trial, the jury could have reasonably inferred a knowing and voluntary "concert of action" between Cannon and Morgan. A police officer witnessed two unidentified men, on separate occasions, approach Morgan and exchange words with him. On each occasion, Morgan then approached Cannon, who handed Morgan what appeared to be crack. On each occasion, Morgan, in turn, handed the crack to the unidentified men in exchange for what appeared to be U.S. currency and gave the money to Cannon. During the pat down incident to his arrest, Cannon was found in possession of a plastic bag containing more than six grams of crack, $93.00, and a loaded Glock .40 caliber semi-automatic handgun. Further, a special agent with the Drug Enforcement Administration testified that the amount of the crack and the conduct of Cannon and Morgan were consistent with a street-level drug deal. Thus, a rational trier of fact could have found Cannon guilty of both conspiracy to possess crack with the intent to distribute it and of possession with intent to distribute crack. *See Valdez*, 453 F.3d at 256-57; *Delgado*, 256 F.3d at 274.

*Counts Three and Four*

To establish possession of a firearm in furtherance of a drug trafficking offense, the Government was required to show that Cannon (1) knowingly

possessed a firearm and (2) that this possession furthered, advanced, or helped forward a drug trafficking offense. *See United States v. Ceballos-Torres*, 218 F.3d 409, 415 (5th Cir. 2000), *amended on other grounds*, 226 F.3d 651 (5th Cir. 2000). To prove possession of a firearm by a convicted felon, the Government must prove that: (1) the defendant previously had been convicted of a felony; (2) the defendant possessed a firearm; and (3) the firearm traveled in or affected interstate commerce. *See United States v. Fields*, 72 F.3d 1200, 1211 (5th Cir. 1996). Possession of a firearm may be actual or constructive. *United States v. Patterson*, 431 F.3d 832, 837 (5th Cir. 2005).

Cannon stipulated that he had been previously convicted of a felony and that the Glock .40 caliber semi-automatic handgun affected interstate commerce. The evidence demonstrated that a fully loaded Glock semi-automatic handgun was found on Cannon's person along with a bag of crack at the time of Cannon's arrest. Given the close proximity of the loaded firearm to the drugs, the jury could have reasonably inferred that the firearm was intended to be used to protect the drugs or Cannon from other dealers or buyers. *See United States v. Charles*, 469 F.3d 402, 406 (5th Cir. 2006); *Ceballos-Torres*, 218 F.3d at 412. Thus, a rational trier of fact could have found beyond a reasonable doubt that Cannon was a felon in possession of a firearm and that he possessed the firearm in furtherance of a drug trafficking offense. *See Ceballos-Torres*, 218 F.3d at 415; *Fields*, 72 F.3d at 1211.

Accordingly, the district court's judgment is AFFIRMED.